UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Anthony Carpenito</u>

   v.                                                  Civil No. 09-cv-059-JL

<u>William Wrenn, Commissioner,
New Hampshire Department of
Corrections, et al.</u>[1]

**O R D E R**

Before the Court is Anthony Carpenito's complaint (document nos. 1 & 4-6)[2], filed pursuant to 42 U.S.C. § 1983, alleging that

---

[1] In addition to Wrenn, Carpenito has named the following New Hampshire Department of Corrections employees as defendants to this action: Corrections Officer ("C.O.") Dunn (first name unknown ("FNU")), C.O. Brandon Westgate, Counselor Sue Taylor, C.O. FNU Duguay, C.O. FNU Morrison, C.O. FNU Betteze, C.O. FNU Hillsgrove, C.O. FNU Labonty, Lt. FNU Greenwald, C.O. FNU Turcout, Investigations Officer FNU Weefers, Unit Manager Kathleen Anderson, New Hampshire State Prison Warden Richard Gerry, Northern New Hampshire Correctional Facility ("NCF") Warden Larry Blaisdell, Unit Manager Robert Thyng, Sgt. Elmer Sevier, Mjr. Dennis Cox, NCF Media Generalist Angela Poulin, Lt. FNU Emerson, Cpl. Shane Mailhot, Sgt. FNU Moran, C.O. FNU Lemieaux, C.O. FNU Gosslin, C.O. FNU Donnally, and Lt. FNU Gagnon.

[2] In addition to his complaint (document no. 1), Carpenito filed three addenda to his complaint (document nos. 4-6). I will accept the addenda and the four documents will be considered, in the aggregate, to be the complaint in this matter for all purposes.

his federal constitutional rights have been violated by the defendants, who have placed him in danger, used excessive force against him, verbally threatened him, harassed him, denied him access to the courts, and retaliated against him during his incarceration.[3]  The matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claims upon which relief might be granted.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2); 28 U.S.C. § 1915A(a).

As fully explained in my Report and Recommendation, issued simultaneously with this Order, I find that Carpenito has stated endangerment claims against defendants Wrenn, Vinson, Gerry, Blaisdell, Anderson, Thyng, Cox, Weefers, and Westgate; an excessive force claim against defendant Westgate, and; retaliation claims against Westgate, Hillsgrove, Wrenn, Weefers, Anderson, Gerry, Blaisdell, Thyng, Sevier, Cox, Poulin, Mailhot,

---

[3] Carpenito first filed this matter on January 23, 2009 as a petition for a writ of habeas corpus.  See Carpenito v. Wrenn, Civ. No. 09-cv-021-SM (D.N.H.).  Because Carpenito raised both habeas and civil rights claims in his petition, by Order issued on February 25, 2009, I directed that the Clerk's Office treat the existing case as a petition for a writ of habeas corpus, and open this action based on the civil rights claims in the habeas petition, which also serves as the complaint in this matter. Accordingly, in this preliminary review, I address only the facts and claims in the complaint relevant to the § 1983 action.

Lemieaux, Gosslin, and Vinson.  In the Report and Recommendation, I recommended dismissal of the remaining claims and defendants from this action.

As I find that plaintiff has stated claims upon which relief may be granted, I order the complaint and addenda thereto (document nos. 1 & 4-6) be served on defendants Westgate, Hillsgrove, Wrenn, Weefers, Anderson, Gerry, Blaisdell, Thyng, Sevier, Cox, Poulin, Mailhot, Lemieaux, Gosslin, and Vinson.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint in this matter (document nos. 1 & 4-6).  See LR 4.3(d)(2)(C).

Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG to receive service on their behalf, or whom the AG declines to

represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants. The Clerk's office is instructed to complete service on these individuals by sending to them at the addresses provided by the AG, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service. See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 24, 2009

cc: Michael Sheehan, Esq.
James William Kennedy, Esq.
Daniel Leah Pacik, Esq.